B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>**Hope H. Landeros**<br>**12530 Herrick Avenue**<br>**Sylmar, CA 91342-4706** | DEFENDANTS<br>HSBC BANK USA, National Association as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed Pass-Through Certificates, Series 2005-2;  SYLVIA ANN VILLAPANDO, an Individual;  FRANK VILLAPANDO, an Individual;  and DOES 1 through 50, Inclusive, |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>**R. Grace Rodriguez, Esq. (SBN: 196657)**<br>**The Law Offices of R. Grace Rodriguez**<br>**21000 Devonshire Street, Suite 111**<br>**Chatsworth, CA 91311**<br>**(818) 734-7223** | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ]  11-Recovery of money/property - §542 turnover of property
[ ]  12-Recovery of money/property - §547 preference
[ ]  13-Recovery of money/property - §548 fraudulent transfer
[ ]  14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ]  21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ]  31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ]  41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ]  51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ]  66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ]  62-Dischargeability - §523(a)(2), false pretenses,
         false representation, actual fraud
[ ]  67-Dischargeability - §523(a)(4), fraud as fiduciary,
         embezzlement, larceny

         **(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ]  61-Dischargeability - §523(a)(5), domestic support
[ ]  68-Dischargeability - §523(a)(6), willful and malicious injury
[ ]  63-Dischargeability - §523(a)(8), student loan
[ ]  64-Dischargeability - §523(a)(15), divorce or separation obligation
         (other than domestic support)
[ ]  65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ]  71-Injunctive relief - imposition of stay
[ ]  72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ]  81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ X]  91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ]  01-Determination of removed claim or cause

**Other**
[ ]  SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ]  02-Other (e.g. other actions that would have been brought in state
         court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **500,000** |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**Hope H. Landeros** | | BANKRUPTCY CASE NO.<br><br>**1:16-bk-11141-MT** |
| DISTRICT IN WHICH CASE IS PENDING<br>**Central District of California** | DIVISION OFFICE<br>**San Fernando** | NAME OF JUDGE<br>**Hon. Maureen A. Tighe** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br><br><br>**R. Grace Rodriguez, Esq. (SBN: 196657)** | | |
| DATE<br>**November 16, 2016** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**R. Grace Rodriguez, Esq. (SBN: 196657)** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case  Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **R. Grace Rodriguez, Esq. (SBN:**<br>**21000 Devonshire Street, Suite 111**<br>**Chatsworth, CA 91311**<br>**(818) 734-7223**<br><br>**196657)**<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**

| In re:<br><br>      **Hope H. Landeros**<br><br><br><br>                                        Debtor(s). | CASE NO: **1:16-bk-11141-MT**<br><br>CHAPTER: 13<br><br>---<br><br>ADVERSARY NUMBER: |
|---|---|
| **HOPE H. LANDEROS,**<br><br>                              Plaintiff(s)<br><br>              Versus<br><br>**HSBC BANK USA, National Association as**<br>**Trustee for Opteum Mortgage Acceptance**<br>**Corporation, Asset-Backed Pass-Through**<br>**Certificates, Series 2005-2; SYLVIA ANN**<br>**VILLAPANDO, an Individual; FRANK**<br>**VILLAPANDO, an Individual;**<br>**and DOES 1 through 50, Inclusive,**<br><br><br><br>                            Defendant(s) | **SUMMONS AND NOTICE OF STATUS**<br>**CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _<br>**Time:** _<br>**Courtroom:** _ | **Place:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        Page 1                              **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary
Proceeding:                                                              <u>**November 16, 2016**</u>

By: _____
                    Deputy Clerk

_____
This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    Page 2                    **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**21000 Devonshire Street, Suite 111**
**Chatsworth, CA 91311**

A true and correct copy of the foregoing document entitled (*specify*): __**SUMMONS AND NOTICE OF STATUS CONFERENCE IN**__
__**ADVERSARY PROCEEDING**__   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR
5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On ____, I checked the CM/ECF docket for
this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to
receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by
placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as
follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the
document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be</u>
<u>completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 16, 2016 | R. Grace Rodriguez, Esq. (SBN: 196657) | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    Page 3                    **F 7004-1.SUMMONS.ADV.PROC**

1    R. Grace Rodriguez, Esq. (SBN: 196657)
     The Law Offices of R. Grace Rodriguez
2    21000 Devonshire Street, Suite 111
     Chatsworth, California 91311
3    Tel:      (818) 734-7223
     EM:      ecf@LORGR.com
4
     Attorneys for Debtor
5    HOPE H. LANDEROS

6

7

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION

10

11   In re                                )   Adv. Case No.
                                          )
12                                        )   Chapter 13 Case No. 1:16-bk-11141-MT
           HOPE H. LANDEROS                )
13                                        )   **DEBTOR AND PLAINTIFF'S  VERIFIED**
                                          )   **COMPLAINT**
14                       Debtor(s).        )
                                          )      1)    **FRAUD**
15   _____        )      2)    **FINANCIAL ELDER ABUSE**
                                          )      3)    **CANCELLATION OF**
16   HOPE H. LANDEROS,                    )            **INSTRUMENTS**
                                          )      4)    **NEGLIGENCE**
17                       Plaintiff,        )      5)    **DECLARATORY RELIEF**
           v.                             )
18                                        )   *[re Property Located at:*
     HSBC BANK USA, National Association as )
19   Trustee for Opteum Mortgage Acceptance )   *12530 Herrick Street*
     Corporation, Asset-Backed Pass-Through )   *Sylmar, CA  91342]*
20   Certificates, Series 2005-2;  SYLVIA ANN )
     VILLAPANDO, an Individual;  FRANK     )
21   VILLAPANDO, an Individual;           )
      and DOES 1 through 50, Inclusive,    )
22                                        )
                                          )
23                       Defendants.       )
                                          )
24   _____        )

25
           Debtor and Plaintiff HOPE H. LANDEROS ("Gutierrez" or "Plaintiff") hereby submits his
26
     Complaint and alleges as follows:
27

28

                                    ~1~

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334 and the reference order of the United States District Court for the Central District of California.  This adversary proceeding relates to LANDEROS' Chapter 13 case with the Case No. 1:16-bk-11141-MT, now pending in the United States Bankruptcy Court for the Central District of California.  The matter is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(k) to the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of a final judgment and order by this Bankruptcy Court.

2.      Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409 as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this Court and does not involve a consumer debt less than $10,000.

## PARTIES & GENERAL ALLEGATIONS

3.      Plaintiff Hope H. Landeros ("Landeros") is the legal owner of a real property located at 12530 Herrick Street, Sylmar, California 91342, ("Property") which is legally described as:

> *LOT 25, TRACT 17495, AS PER MAP RECORDED IN BOOK 520, PAGES 19/20 OF MAPS, IN*
> *THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY*
> *APN: 2506-025-009*

4.      Defendant, HSBC BANK USA, National Association as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed Pass-Through Certificates, Series 2005-2, (hereinafter referred to as "Opteum") purported is the holder of a First Deed of Trust and Note which is recorded against the Property, which is owned by Plaintiff, the Debtor in this bankruptcy case as defined by 11 U.S.C. §101(5).

5.      Defendant, SYLVIA ANN VILLAPANDO, is an individual who resides at 12530 Herrick Street, Sylmar, CA 91342.

6.      Defendant, FRANK VILLAPANDO, is an individual who resides at 12530 Herrick Street, Sylmar, CA 91342.

7.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES 1 – 50, inclusive, are currently unknown to Plaintiffs, who therefore

COMPLAINT – FRAUD; FINANCIAL ELDER ABUSE; CANCELLATION OF INSTRUMENTS; NEGLIGENCE; DECLARATORY RELIEF

1  sue such Defendants by such fictitious names. Plaintiffs will amend this Complaint to show their true

2  names and capacities when same have been ascertained. Plaintiffs allege on information and belief that

3  each such fictitiously named Defendant is obligated to Plaintiffs in some manner and/or capacity for the

4  claims and obligations sued upon herein.

5  8.    Unless otherwise alleged, every defendant named herein is sued as the agent and/or employee of

6  every other Defendant acting within the course and scope of said agency and/or employment, with the

7  knowledge and/or consent of said co-defendants. Plaintiffs are informed and believe, and upon such

8  information and belief allege, that each named Defendant was and is the agent, employee, alter ego,

9  principal, employer, partner, co-venturer, and/or co-conspirator of each of the remaining co-Defendants,

10  and in committing the acts herein alleged, was acting in the scope of their authority with the knowledge,

11  permission and consent of the remaining co-defendants.

12  9.    Plaintiff and her husband originally purchased the Property when it was originally built

13  sometime in the 1950's. Debtor had only completed the fifth grade and functionally illiterate. She

14  understood how to make her signature, and some basic math skills but did not know how to read. She

15  was married to Joseph C. Landeros who provided for all of her needs up to the time of his death in 1998.

16  10.    Before Joseph C. Landeros passed away, he and the Plaintiff held title joint tenancy.

17  11.    By operation of law, Plaintiff became the owner of the property when Joseph C. Landeros passed

18  away on March 20, 1998. Since his passing the Plaintiff has not signed any documents conveying title,

19  or for the purpose of obtaining any loans on the subject property.

20  12.    In and around 2005, Plaintiff was receiving social security benefits and a small pension for a

21  total monthly income of about $1,600.00. This was barely adequate to afford utilities and the basic

22  necessities of life. Plaintiff could not afford any loans against the property because there were no funds

23  to pay back any loan even if she were to obtain one.

24  13.    Sometime in early 2015, Plaintiff had heard about reverse mortgages where you get a loan but

25  you don't have to pay any money on them until you die. It was at this time that the Plaintiff learned for

26  the first time, that a loan had already been taken against the Property.

27  14.    Plaintiff conducted further investigation to discover that in fact it was the Defendant Sylvia Ann

28  Villapando and her husband Frank Villapando that had stolen her identifying information from her

~3~

**COMPLAINT – FRAUD; FINANCIAL ELDER ABUSE; CANCELLATION OF INSTRUMENTS; NEGLIGENCE; DECLARATORY RELIEF**

1   home, and subsequently submitted a loan application without the authorization of the Plaintiff.

2   15.     The original loan amount was purportedly $300,000.00 which was taken on or about February 7,

3   2005 and a lien was recorded against the Property.

4   16.     On or about February 25, 2016, Defendants, Sylvia and Frank Villapando had purchased a home

5   located at 14681 Cobalt Street, Sylmar, CA 91342-1421 ("Colbalt Property") in the amount of $250,000

6   cash.

7   17.     Plaintiff confronted the Defendants Sylvia and Frank Villapando with the information she had

8   obtained that linked them to the identity theft and loan fraud. They admitted that they paid the Notary

9   and told the notary that they had witnessed the Plaintiff sign all of the loan documents, which was a lie.

10  18.     The Plaintiff denies ever having placed her thumbprint in a Notary Journal.

11  19.     Plaintiff further denies ever having met Monica Calzada the Notary who purportedly attested to

12  all of the loan documents.

13  20.     Defendants, Sylvia and Frank Villapando admitted that they were the ones responsible for

14  getting the loan recorded against the Plaintiff's home.

15  21.     Defendants Sylvia and Frank Villapando also admitted that they used the money to purchase the

16  Cobalt Property.

17  22.     Plaintiff demanded that the defendants pay off the loan to which they refused and terminated all

18  further discussions with the Plaintiff.

19  23.     Plaintiff denies ever executing an Affidavit of Death of Joint Tenant.

20  24.     Plaintiff immediately contacted the lender and filed a complaint for identity theft with the lender.

21  They conducted an investigation which culminated in the lender pursuing foreclosure options against the

22  Plaintiff.

23  25.     Plaintiff denies having signed any documents which constitute the loan application, promissory

24  note or deed of trust any other loan on the Property other than the one she signed in 1997 at the direction

25  of her now deceased husband.

26  26.     Inasmuch as the all of the documents which were used to obtain a loan by the Villapandos were

27  all forgeries, and the resulting note, deed of trust are all forgeries as well, then the Claim by Opteum is

28  not valid or enforceable against the debtor/Plaintiff. The lien recorded against the Plaintiff's Property

-4-

should be deemed invalid and removed from the Plaintiff's Property.

## FIRST CLAIM FOR RELIEF

### (FRAUD AS AGAINST SYLVIA ANN VILLAPANDO & FRANK VILLAPANDO)

27.    Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 22, inclusive, as if set forth individually in this Claim for Relief.

28.    Defendants made false statements and representations to Opteum Mortgage Acceptance Corporation for the purpose of obtaining a loan in the Plaintiff's name against Plaintiff's Property without authorization from the Plaintiff. These false statements include but are not limited:

    a.  False declarations regarding the Plaintiff's Income.

    b.  False statements in the loan application;

    c.  False statements to Opteum.

    d.  Presented numerous "signatures" purportedly belonging to Plaintiff when they did not for the purpose of obtainin a mortgage loan.

29.    At the time that Sylvia Villapando and Frank Villapando made these Plaintiff is informed and believes that Defendants knew that these representations were false when the made the representations. They intended that Opteum rely upon these representations for the purpose of obtaining a loan.

30.    However, instead of properly conducting due diligence investigation into suspicious circumstances surrounding the loan application, which include but are not limited to:

    a.  Debtor was making the application at the age of 66 when she would purportedly be receiving social security income.

    b.  Debtor was unemployed at the time of making the application;

31.    Opteum knowingly used information which it new was false, or unreasonable relied upon these suspicious circumstances for the purposes of issuing a loan which was paid to the Defendants Sylvia Villapando and Frank Villapando.

32.    As a result of this conduct by Opteum and the Villapandos, Plaintiff is now harmed and the Plaintiff's reliance Opteum to properly apply proper underwriting standards with respect to the representations made by Sylvia and Frank Villapando, was a substantial factor in causing the Plaintiff's harm which now includes liability for the Loan.

~5~

1   33.   As a direct and proximate cause of defendants' wrongful conduct, Plaintiff has been threatened

2   with foreclosure and has had to file bankruptcy incurring damage to her credit, and has caused her

3   tremendous emotional distress, and she has been deprived of the funds necessary to pay off this loan,

4   and she has incurred attorneys fees and costs, and will continue to incur additional expenses to deal with

5   the claim against her property.

6   34.   Defendants' conduct constituted recklessness, oppression, fraud and malice in commission of the

7   financial abuse and Plaintiff is entitled to recover damages to punish the defendants for financial abuse

8   pursuant to Welfare & Institutions Code, §15657.5 and Civil Code, §3294.

9   35.   Furthermore, Plaintiffs seek the imposition of a constructive trust over the real property located at

10  14681 Cobalt Street, Sylmar, CA  91344, which was acquired utilizing the funds from the loan obtained

11  by the Villapando defendants.  Plaintiff is claiming an equitable interest in the subject Property.

12              **SECOND CLAIM FOR RELIEF**

13              **(FINANCIAL ELDER ABUSE**

14  **As against Defendants SYLVIA ANN VILLAPANDO and FRANK VILLAPANDO)**

15  36.   Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in

16  paragraphs 1 through 29, inclusive, as if set forth individually in this Claim for Relief.

17  37.   Plaintiff was born on July 30, 1939, and was 66 years old at the time of the events alleged in this

18  complaint.

19  38.   Plaintiff lives alone in a single-family dwelling which she owns.  Plaintiff is a widow, whose

20  husband died in 1998.  Plaintiff is illiterate with only a fifth grade education.

21  39.   Plaintiff is informed and believes, and on that basis alleges, that sometime in late 2004 or early

22  2005, Defendants Sylvia Ann Villapando and Frank Villapando, while visiting the Plaintiff, did obtain

23  private documents which contained the financial information of the Plaintiff, along with her

24  identification information without the Plaintiff's authorization.

25  40.   Defendants then used the information they had stolen from the Plaintiff for the purpose of

26  submitting a fraudulent loan application, and thereafter obtaining a loan in the amount of $300,000 in

27  the name of the Plaintiff.

28  41.   Plaintiff never received these funds, and instead, learned much later that these loan proceeds were

COMPLAINT – FRAUD; FINANCIAL ELDER ABUSE; CANCELLATION OF INSTRUMENTS; NEGLIGENCE; DECLARATORY RELIEF

1  used by Sylvia Ann Villapando and Frank Villapando to purchase real estate located at 14681 Cobalt

2  Street, Sylmar, CA 91344.

3  42.    Plaintiff did not find out about the loan until sometime in March of 2015, when she went to apply

4  for a reverse mortgage and found out that there was already a loan against her property.

5  43.    After some investigation, Plaintiff began to suspect Defendants Sylvia Ann Villapando and Frank

6  Villapando were the ones responsible for obtaining the loan.

7  44.    In and around April of 2015, Plaintiff confronted the Defendants Sylvia Ann Villapando and Frank

8  Villapando with the evidence she had found that pointed to them being the ones who obtained the loan.

9  45.    At that meeting the Defendants admitted that they were the ones who stolen the information from

10  her home and had applied for the loan in Plaintiff's name unbeknownst to the Plaintiff because they

11  believed that she was going to die shortly after they took the loan.

12  46.    These defendants further admitted to Plaintiff that they had used the money to purchase a home for

13  themselves located at 14681 Cobalt Street, Sylmar, CA 91344.

14  47.    Plaintiff demanded that the Defendants take action to pay off the loan but they refused to do so.

15  48.    Defendants Sylvia Ann Villapando and Frank Villapando took, secreted, appropriated and retained

16  loan funds which should have been the property of the Plaintiff, an elder, to a wrongful use within the

17  meaning of Welfare & Institutions Code, §15610.30.  Defendants engaged in such conduct either

18  directly, or assisted others in such conduct.

19  49.    In engaging in such conduct, defendants Sylvia Ann Villapando and Frank Villapando intended to

20  defraud Plaintiff within the meaning of Welfare & Institutions Code,§15610.30.

21  50.    As a direct and proximate cause of defendants' wrongful conduct, Plaintiff has been threatened

22  with foreclosure and has had to file bankruptcy incurring damage to her credit, and has caused her

23  tremendous emotional distress, and she has been deprived of the funds necessary to pay off this loan,

24  and she has incurred attorneys fees and costs, and will continue to incur additional expenses to deal with

25  the claim against her property.

26  51.    In addition to all other remedies provided by law, Plaintiff is entitled to recover reasonable

27  attorney fees and costs for financial abuse pursuant to Welfare & Institutions Code, §15657.5.

28  52.    Defendants' conduct constituted recklessness, oppression, fraud and malice in commission of the

COMPLAINT – FRAUD; FINANCIAL ELDER ABUSE; CANCELLATION OF INSTRUMENTS; NEGLIGENCE; DECLARATORY RELIEF

1  financial abuse and Plaintiff is entitled to recover damages to punish the defendants for financial abuse

2  pursuant to Welfare & Institutions Code, §15657.5 and Civil Code, §3294.

3  53.

4  54.    for the sale of  because the  Sometime in April or March of 2015, Defendants further admitted to

5  the Plaintiff that they had forged her signature and told her that there was nothing they could do about

6  and that they were not going to make any more payments on the loan.

7  55.    Defendants had in fact received the loan proceeds from the loan issued by Defendant

8  ### THIRD CLAIM FOR RELIEF

9  ### (CANCELLATION OF INSTRUMENTS)

10  56.    Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in

11  paragraphs 1 through 54, inclusive, as if set forth individually in this Claim for Relief.

12  57.    Plaintiff is the true owner of the Property.

13  58.    The subsequent deeds identified by way of this complaint have no force or effect because the

14  transactions described in those documents are fictitious because Defendants made fraudulent

15  representation about the legal effect of these instruments.

16  59.    Plaintiff never applied for a loan, nor did Plaintiff receive one.

17  60.    If these instrument is not canceled, serious injury will result to Plaintiff.  Based upon the facts

18  plead herein, Plaintiff is seeking to have the following instruments deemed cancelled:

19        a.   Deed of Trust recorded as Los Angeles County Recorder's Instrument No. 05-0357644 in

20             favor of Opteum Financial Services LLC, and assigned to HSBC BANK USA, National

21             Association as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed

22             Pass-Through Certificates, Series 2005-2;

23        b.   Affidavit of Death of Spouse  recorded as Los Angeles County Recorder's Instrument

24             No. 05-0357642

25  61.    Defendants' actions described herein were fraudulent, intentional, malicious, made in bad faith,

26  and specifically designed to injure Plaintiff and deprive Plaintiff of the Property.  Accordingly, Plaintiff

27  seeks to recover exemplary and punitive damages.

28        WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth herein and below.

~8~

COMPLAINT – FRAUD; FINANCIAL ELDER ABUSE; CANCELLATION OF INSTRUMENTS; NEGLIGENCE; DECLARATORY RELIEF

## FOURTH CLAIM FOR RELIEF

### (NEGLIGENCE)

62.    Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 60, inclusive, as if set forth individually in this Claim for Relief.

63.    Plaintiff alleges that Defendant OPTEUM had a duty to exercise due care in paying attention to the accuracy and details of the documents presented for its loan application and to follow established processing procedures.

64.    Plaintiff is informed and believes that OPTEUM breached its duty of due care by failing to pay attention to the details of her credit report, her California identification, and details of the loan application submitted to them because if OPTEUM had properly paid attention to the details of the reports, they would have spotted numerous inconsistencies which would have ultimately lead to loan denial of any loan being given which substantially drained any and all equity the Property held at that time and converting it into a loan which this debtor could not afford.

65.    Plaintiff is informed and believes and thereon alleges that Defendant Opteum was well aware of the numerous forms of mortgage fraud occurring within the industry and chose to ignore the warning signs that were present within her loan application and limited documentation which was provided by the perpetrators of the fraud.

66.    As a direct and proximate cause of defendants' wrongful conduct, Plaintiff has been threatened with foreclosure and has had to file bankruptcy incurring damage to her credit, and has caused her tremendous emotional distress, and she has been deprived of the funds necessary to pay off this loan, and she has incurred attorney's fees and costs, and will continue to incur additional expenses to deal with the claim against her property

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth herein and below.

## FOURTH CLAIM FOR RELIEF

### (DECLARATORY RELIEF)

67.    Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 41, inclusive, as if set forth individually in this Claim for Relief.

68.    As actual controversy now exists between Plaintiff and Defendant OPTEUM, and each of them,

COMPLAINT – FRAUD; FINANCIAL ELDER ABUSE; CANCELLATION OF INSTRUMENTS; NEGLIGENCE; DECLARATORY RELIEF

1  concerning the rights and duties of the parties with respect to the instruments identified in this

2  Complaint, and the respective rights various claims of title, right and interest in the Property.

3  69.   Plaintiff contends that any and all of Defendant's claims to an interest in the property and as

4  against him are fraudulent and were a nearly well-executed attempt to rob the Plaintiff of the Property

5  during a time in which he was facing financial hardship.

6  70.   Plaintiff desires a judicial determination of the rights and duties of the parties in relation to the

7  instruments recorded against the Property and a judicial determination that Defendants instruments are

8  void ineffective, unenforceable.

9  71.   A judicial declaration is in necessary and appropriate at this time in order that the parties may

10 ascertain their rights, interests and duties.

11                              **PRAYER FOR RELIEF**

12 **WHEREFORE**, Plaintiff requests that this Court entered judgment against Defendants as follows:

13 1.       For compensatory, general, and special damages in an amount according to proof, currently

14 believed to exceed $500,000;

15 2.       For exemplary and punitive damages;

16 3.       A temporary restraining order, preliminary injunction, and permanent injunction, enjoining

17 Defendants and their respective agents, servants, and employees, and all persons acting in concert with

18 them, from (a) recording any additional documents clouding title to the Property, (b) holding themselves

19 out as authorized \representatives or agents of Plaintiff, and (c) selling, transferring, leasing,

20 encumbrancing, or otherwise taking any actions affecting or purporting to affect Plaintiff's clear title to

21 the Property.

22 4.       For an order canceling the following instruments:

23        a.       Deed of Trust recorded as Los Angeles County Recorder's Instrument No. 05-0357644 in

24        favor of Opteum Financial Services LLC, and assigned to HSBC BANK USA, National

25        Association as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed Pass-

26        Through Certificates, Series 2005-2;

27        b.       Affidavit of Death of Spouse recorded as Los Angeles County Recorder's Instrument No.

28        05-0357642

COMPLAINT – FRAUD; FINANCIAL ELDER ABUSE; CANCELLATION OF INSTRUMENTS; NEGLIGENCE; DECLARATORY RELIEF

5. For a declaration setting forth the rights and interests of Plaintiff and Defendants, and each of them in relation to the Property;

6. The imposition of a constructive trust over real property located at 14681 Cobalt Street, Sylmar, CA  91344 in favor of the Plaintiff;

7. For costs and expenses of suit, including attorneys' fees;

8. For equitable and such other further relief as the Court may deem just and proper.

Dated:   November 16, 2016

Respectfully submitted

R. Grace Rodriguez, Esq.
Attorney for Debtor
HOPE H. LANDEROS

~11~

COMPLAINT – FRAUD; FINANCIAL ELDER ABUSE; CANCELLATION OF INSTRUMENTS; NEGLIGENCE; DECLARATORY RELIEF

**VERIFICATION**

I, HOPE H. LANDERS, am the Plaintiff in the above entitled Adversary Proceeding.  I have read the foregoing Complaint and know the contents thereof.  The same is true of my own knowledge except for the matters which are set forth in the Complaint on information and belief, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:     November 16, 2016                    _____

TBG

HOPE LANDEROS

COMPLAINT – FRAUD; FINANCIAL ELDER ABUSE; CANCELLATION OF INSTRUMENTS; NEGLIGENCE; DECLARATORY RELIEF