**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MICHAEL W. CONNALLY, SB# 100588
  E-Mail: Michael.Connally@lewisbrisbois.com
AMY L. GOLDMAN, SB# 134088
  E-Mail: Amy.Goldman@lewisbrisbois.com
LOVEE D. SARENAS, SB# 204361
  E-Mail: Lovee.Sarenas@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

**DYKEMA GOSSETT LLP**
CHRISTOPHER LEE, State Bar No. 280738
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: 213.457.1800
Facsimile: 888.550.6304

Attorneys for Defendant HSBC BANK USA, N.A. as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed Pass-Through Certificates, Series 2005-2

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>HOPE H. LANDEROS,<br><br>Debtor. | Case No.: 1:16-bk-11141 MT<br><br>Chapter 13<br><br>Adv. No.: 1:16-ap-01155 MT |
| HOPE H. LANDEROS,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA, N.A. as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed Pass-Through Certificates, Series 2005-2; SYLVIA ANN VILLAPANDO, an individual; FRANK VILLAPANDO, an individual,<br><br>Defendants. | **DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date:  May 31, 2017<br>Time:  1:00 p.m.<br>Place:  Courtroom 302<br>        21041 Burbank Blvd.,<br>        Woodland Hills, CA 91367 |

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF AND HIS COUNSEL OF RECORD, AND INTERESTED PARTIES:

  Defendant HSBC BANK USA, N.A. as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed Pass-Through Certificates, Series 2005-2 ("HSBC") hereby moves this Court, the Honorable Bankruptcy Judge Maureen Tighe in Courtroom 302, 21041 Burbank Blvd., Woodland Hills CA 91367, to dismiss with prejudice, the Third (cancellation of instruments), first Fourth (negligence) and second Fourth (declaratory relief) Claims for Relief in the complaint ("Complaint") filed in the above-referenced adversary proceeding for its failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) made applicable in adversary proceedings pursuant to the Federal Rule of Bankruptcy Procedure ("FRBP") 7012 ("Motion").

  This Motion is based on the accompanying Memorandum of Points and Authorities incorporated herein, HSBC's Request for Judicial Notice, the Court's files and record in this adversary proceeding and related chapter 7 case, and such other argument as may properly come before the Court at any hearing on this Motion.

  Sufficient grounds exist to grant the Motion. Under established Rule 12(b)(6) precedent, the Complaint's averments do not state a "plausible" claim upon which relief can be granted in that: (i) the claims are time-barred; (ii) HSBC is not the proper party to the action as it was not a party to the original refinancing agreement; (iii) an award for punitive damages is not available to the Plaintiff; and (iv) the Complaint is not verified.

  Pursuant to FRBP 7012, this Complaint avers causes of action that are non-core. However, HSBC consents to the entry of a final order or judgment by the bankruptcy judge presiding in the case.

///
///
///
///
///

1  WHEREFORE, HSBC respectfully request that the Court enter an order:

2  (1) Granting this Motion in its entirety;

3  (2) Dismissing the Complaint with prejudice and without leave to amend for failure to
4  state any plausible claim for relief against HSBC;

5  (3) Striking the Complaint's demand for punitive damages; and

6  (4) Granting such further relief as is just and appropriate.

7

8  DATED: May 4, 2017                LEWIS BRISBOIS BISGAARD & SMITH LLP

9
10                                   By: _____/s/_____
                                     MICHAEL CONNALLY
11                                   AMY GOLDMAN
                                     LOVEE D. SARENAS
12                                   Attorneys to HSBC BANK USA, N.A. as Trustee
                                     for Opteum Mortgage Acceptance Corporation,
13                                   Asset-Backed Pass-Through Certificates, Series
                                     2005-2
14

15 DATED: May 4, 2017                DYKEMA GOSSETT LLP
16

17                                   By:     /s/ Christopher Lee
                                     CHRISTOPHER LEE
18                                   Attorney to HSBC BANK USA, N.A. as Trustee
                                     for Opteum Mortgage Acceptance Corporation,
19                                   Asset-Backed Pass-Through Certificates, Series
20                                   2005-2

21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-8034-5159.1

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In lieu of filing an answer to the Complaint, HSBC seeks a dismissal of Plaintiff Hope H. Landeros' ("Plaintiff") Complaint and submits this memorandum in support of its Motion pursuant to Fed. R. Civ. Proc. 12(b)(6) made applicable by Fed. R. Bankr. Proc. 7012. The Complaint asserts three causes of action against HSBC. Compl. 8-10. However, the relevant facts averred in the Complaint warrant dismissal of the Complaint for failure to state plausible claims for relief against HSBC.

As a matter of law, the Complaint cannot survive a Rule 12(b)(6) challenge as the applicable statutes of limitation has ran for any claims raised in the Complaint against HSBC. More importantly, HSBC is not the proper party in interest as it is not the originator of the loan. Furthermore, the Complaint's claims for "cancellation of title" and "declaratory relief" do not invoke claims for damages and as such, punitive damages are not available as a matter of law. For the reasons further explained below, the claims for relief sought against HSBC are pled improperly and cannot survive a Rule 12(b)(6) dismissal. Accordingly, the Third, first Fourth, and second Fourth Claims for Relief in the Complaint should be dismissed with prejudice as a matter of law.

## II.

## STATEMENT OF RELEVANT FACTS

Debtor sought chapter 13 bankruptcy relief on 4/15/2016. Elizabeth Rojas serves as the chapter 13 trustee in the case. On 10/21/2016, HSBC sought relief from the automatic stay against the Debtor's real property located at 12530 Herrick Street, Sylmar, CA 91342 ("Property"). [Docket # 31][1]. Debtor opposed the relief from stay motion on 11/15/2016 disputing the loan to HSBC and arguing that the Deed of Trust was obtained through fraud. [Docket # 33.] The

---

[1] Docket references pertain to the main bankruptcy case docket unless otherwise stated.

4840-8034-5159.1

4

following day, 11/16/2016, the Debtor commenced this action against HSBC seeking, among other things, cancellation of instrument, negligence and declaratory relief. The original summons was not properly and timely served upon HSBC. [Adv. Docket # 4.] On 4/4/2017, an alias summons was issued. [Adv. Docket # 16.] No evidence of service has been filed with respect to the alias summons.

According to the Complaint, Defendants Sylvia and Frank Villapando (collectively, the "Villapandos") fraudulently obtained a loan in the name of the Plaintiff without the Plaintiff's authorization. Compl. ¶¶ 14-25. The original loan amount was for $300,000. *Id.* ¶ 15. The loan was obtained on 2/7/2005 and the Deed of Trust recorded at the time. *Id.* ¶ 16. The Complaint failed to state whether HSBC was a party to the Deed of Trust at the time of its execution. HSBC was not the original party to the Deed of Trust when the loan was obtained. HSBC is the assignee to the Property's Deed of Trust pursuant to an Assignment of Deed of Trust dated 10/1/2015 which was recorded on 10/7/2015, a copy of which is attached to HSBC's Request for Judicial Notice ("RJN") as Exhibit "A".

## III.

## DISCUSSION

### A. Legal Standard under Rule 12(b)(6).

A complaint must be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted. To overcome a motion to dismiss, the complaint must contain sufficient factual matter, which, if accepted as true will state a claim for relief that is plausible on its face. Bell Atlantic Corp. et al. v. William Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) and Ashcroft v. Iqbal, et al., 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 129 S.Ct. at 1949, citing Twombly, 550 U.S. at 556. The factual allegations in the complaint must be sufficient to raise a plaintiff's right to relief above a "speculative level." Twombly, 550 U.S. at 555; Davis v. HSBC Bank Nevada, 691 F.3d 1152, 1159 (9th Cir. 2012). Twombly "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

substantial case." Limestone Dev. Corp. v. Vill. Of Lemont, Ill., 520 F.3d 797, 802-03 (7th Cir. 2008 (citation omitted). Only those claims that state a plausible claim for relief survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950, citing Twombly, 550 U.S. at 556.

### B. The Complaint is Barred by the Applicable Statutes of Limitation.

Pursuant to Cal. Civ. P. Code ("CCP") § 337.2, any action involving an obligation or liability founded upon an instrument in writing has a four-year statute of limitation. Similarly, CCP § 338(d) provides a three-year statute of limitation for commencing "an action for relief on the ground of fraud or mistake." Here, Plaintiff seeks "cancellation of an instrument" alleging that the Plaintiff never applied for a loan and "declaratory relief" that the Deed of Trust is ineffective and unenforceable against the Plaintiff alleging that the Deed of Trust is void. Compl. ¶¶ 56-61 and 67-71. The Deed of Trust was dated 2/7/2005 and recorded on 2/16/2005. Compl. ¶ 15; RJN Exhibit "B". The Complaint was filed in 2016—five (5) years after the expiration of the applicable statutes of limitation. Furthermore, Plaintiff failed to explain in the Complaint why she did not respond to monthly mortgage statements ordinarily sent to borrowers, the annual 1099 tax information sent by mortgage lenders, escrow statements, property tax assessments, and notices from the County Recorder's Office concerning the mortgage. Instead, Plaintiff waited eleven (11) years to take action. Accordingly, Plaintiff's Third and second Fourth Causes of Action for cancellation of an instrument in writing and declaratory relief against HSBC are barred under the applicable statutes of limitation.

### C. Plaintiff's Third Claim for Cancellation of Instruments and Fifth (the "second Fourth") Claim for Declaratory Relief Fail Because HSBC is Not the Proper Party in Interest in this Action.

Plaintiff cannot assert a plausible claim for relief against HSBC for "cancellation of instrument" and for "declaratory relief" because HSBC was not the original party to the Deed of Trust. *Iqbal* explains that a claim only has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79. HSBC must not be subjected to speculative claims for relief when HSBC cannot reasonably infer the legal basis for such claims.

Here, HSBC is merely the assignee of the Deed of Trust based on an Assignment of the Deed of Trust dated 10/1/2015 which was recorded on 10/7/2015. RJN, Exhibit "A". The Deed of Trust was dated 2/7/2005 and recorded on 2/16/2005 reflecting a different lender from HSBC. HSBC was not the lender or the beneficiary to the Deed of Trust at the time that the Deed of Trust was signed and recorded. Accordingly, HSBC is not the real party in interest and Plaintiff cannot obtain relief against HSBC. No relief is available to Plaintiff against HSBC. The Third and second Fourth Claims for Relief should be dismissed without leave to amend.

### D. Plaintiff's Fourth Claim for Negligence Fails Against HSBC, Which Did Not Originate the Loan

Plaintiff's fourth claim against HSBC, for negligence, fails for at least three separate reasons. First, the claim is time-barred. Second, the Complaint does not sufficiently plead any duty owed by HSBC to Plaintiff to support a negligence claim. Third, as the Complaint concedes, HSBC did not originate the loan, and the Complaint pleads no viable theory of successor or assignee liability that would support a negligence claim against HSBC.

California's statute of limitations for injury to real property caused by negligence is three years. California Code of Civil Procedure § 338(b). The statute of limitations for personal injury is shorter: two years. California Code of Civil Procedure § 335.1. Here, Plaintiff alleges that she has been "threatened with foreclosure" (Compl., ¶ 66), has lost funds necessary to pay off the subject loan, and has suffered emotional distress as a result of Opteum Financial Services LLC's conduct in originating the loan (*id.*, ¶ 62). The loan was originated in 2005. (*Id.*, ¶ 15). Based on her allegations, the latest that Plaintiff could have brought a negligence claim would have been 2008. Plaintiff brought this lawsuit in 2016. Therefore, her negligence claim is time-barred.

Plaintiff's negligence claim also fails because the Complaint does not identify any applicable duty of care. The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence. *See Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991), citing *Beauchamp v. Los Gatos Golf Course*, 273 Cal.App.2d 20, 32 (1969). Here, HSBC is identified in the Complaint only as "the holder of a First Deed of Trust and Note which is recorded against Property." Compl., ¶ 4. The Complaint is

devoid of any allegations explaining any further relationship between Plaintiff and HSBC to justify imposing a legal duty of care. Indeed, the only allegations concerning a duty reference a duty of care owed to Plaintiff by Opteum Financial Services LLC ("Opteum"), not by HSBC. Compl., ¶¶ 63, 64. Therefore, the Complaint itself concedes that Plaintiff's claim cannot survive as against HSBC.

Finally, the claim fails for the simple reason that Opteum, and not HSBC, originated the loan. The Complaint pleads only that HSBC is the loan's assignee. Compl., ¶ 60(a). Courts have now routinely dismissed identical claims in other matters brought against a loan's assignee. In *Kennedy v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 93943, at *11 (N.D. Cal. July 6, 2012), for example, the Court dismissed claims against an alleged successor-in-interest based on the conduct of the originator, holding that the plaintiff's allegations "that [the successor] 'undoubtedly had access to the Loan Documents when acquiring the Loan,' and that the fraud and deception are apparent from the face of those documents," did not suffice to impose successor liability under California law. In *Skrabe v. United States Bank, N.A.*, 2012 U.S. Dist. LEXIS 131083, at *14-15 (N.D.Cal. Sep. 13, 2012), the Court dismissed, without leave to amend, a claim for fraudulent misrepresentation against an investor assignee because (like here) the plaintiff did not "allege[] any facts indicating that [the investor] can be held liable for allegedly fraudulent acts committed by other defendants at a time when [the investor] had no involvement in the subject loan."). And in *Silva v. Saxon Mortg. Servs.*, 2012 U.S.Dist. LEXIS 88459, at *10-11 (E.D. Cal. June 26, 2012), the Court dismissed claims against a loan servicer based on a successor liability theory where the only allegation relating to the defendant's liability was (as here) that it "bought the subject loan" from the originator. Put simply, the Complaint alleges negligence against Opteum, not HSBC. The claim should therefore be dismissed, and should be dismissed without leave to amend.

///
///
///
///

4840-8034-5159.1

8

### E. Plaintiff is not Entitled to Punitive Damages against HSBC.

The Complaint's claims for "cancellation of title" and "declaratory relief" do not invoke claims for damages and as such, punitive damages are not available as a matter of law. The Third Claim for Relief alleges that the Deed of Trust has no force or effect because HSBC made fraudulent representation about the legal effect of the instrument. Compl. ¶ 58. HSBC's misrepresentation was not pled with particularity as required by FRCP 9(b). Any allegations of fraud in the Complaint pertained solely to the Villapandos. Indeed, there can be no claim for fraud against HSBC as it was not the original party to the Deed of Trust and the note. At the same time, the causes of action for "cancellation of title" and "declaratory relief" are equitable remedies for which an award of punitive damages is not available. *See* Compl. ¶ 61. An award of exemplary damages must be accompanied by an award of compensatory damages. Cheung v. Daley, 35 Cal. App. 4th 1673, 1677-1678, 42 Cal. Rptr. 2d 164, 167 (1995) *followed by* Cal. v. Altus Fin. S.A., 540 F.3d 992, 1002 (9th Cir. 2008).[2] Actual damages must be found as a predicate for punitive damages.

In addition, the Complaint prays for a temporary restraining order and an injunction notwithstanding that the Complaint has not pled facts supporting a plausible claim for injunctive relief against HSBC. The Complaint is silent as to any causes of action for injunctive relief against HSBC. The prayer for a TRO cannot be granted and must be stricken as it pertains to HSBC. Compl. at 10. Similarly, the Complaint's prayer for monetary damages against HSBC is not plausible given that the Third and second Fourth claims for relief are equitable remedies sought against HSBC. For the reasons explained above, the reliefs sought against HSBC are pled improperly and cannot survive a Rule 12(b)(6) dismissal.

///

///

---

[2] The Ninth Circuit rejected the holding of Gagnon v. Cont'l Cas. Co., 211 Cal. App. 3d 1598, 1603 n.5, 260 Cal. Rptr. 305 (1989) that a finding of injury, not an award of compensatory damages, is all that California law requires to sustain an award of punitive damages. Instead, the Ninth Circuit held that absent an award of compensatory damages, exemplary damages are not available. 540 F.3d at 1002.

**F. The Complaint was not Verified Properly.**

While the Complaint includes a verification page, the signature does not appear to be that of the Debtor's as the initials do not coincide with the Debtor's name. Given that a temporary restraining order is sought in the Complaint's prayer, a properly verified complaint is required in order for a temporary restraining order to be issued without notice. FRCP 65. The relief has to be stricken given the lack of a properly verified complaint.

**G. Complaint Must be Dismissed in Its Entirety Without Leave to Amend.**

When the claims would be barred under any consistent set of facts, it would be futile to amend. *Swartz v. KPMG LLP,* 476 F.3d 756, 761 (9th Cir. 2007); *see also Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988) (if "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, then . . . dismissal without leave to amend is proper.").

Here, leave to amend is futile in that Plaintiff cannot aver any set of facts that would overcome the obstacles that prevent the Plaintiff for seeking reliefs against HSBC. First, the applicable statutes of limitation bar the claims against HSBC. Second, Plaintiff is barred as a matter of law from asserting a claim against HSBC because HSBC is not the original party in interest to the Deed of Trust. As such, there can be no plausible claims under the theories of declaratory relief, negligence and cancellation of instrument against HSBC. No amendment to the Complaint would cure the fundamental deficiencies of the relief sought against HSBC. The Complaint simply cannot aver facts for which relief can be granted under Rule 12(b)(6).

Similarly, the remedies sought for punitive damages and temporary restraining order cannot be awarded given that the Complaint failed to seek injunctive relief against HSBC and the Third and second Fourth claims seek equitable reliefs against HSBC. The prayer for punitive damages and temporary restraining order must be stricken from the Complaint as against HSBC.

///
///
///
///

## IV.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, HSBC respectfully requests that the Court grant the Motion and dismiss the Complaint in its entirety with prejudice and without leave to amend.

DATED: May 4, 2017

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *[signature]*
MICHAEL W. CONNALLY
AMY L. GOLDMAN
LOVEE D. SARENAS
Attorneys to HSBC BANK USA, N.A. as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed Pass-Through Certificates, Series 2005-2

DATED: May 4, 2017

DYKEMA GOSSETT LLP

By: /s/ Christopher Lee
CHRISTOPHER LEE
Attorney to HSBC BANK USA, N.A. as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed Pass-Through Certificates, Series 2005-2

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

Note: When using this form to indicate service of a proposed order, DO NOT lists any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071.

A true and correct copy of the foregoing document described as: **DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 4, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

R. Grace Rodriguez    ecf@lorgr.com
Elizabeth (SV) F. Rojas (TR)    cacb_ecf_sv@ch13wla.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

[ ] Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On May 4, 2017,, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
[X] Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**(indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

May 4, 2017        MARION DIAMOND        _M. Diamond_
Date                Name                Signature

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-8034-5159.1

12

MOTION TO DISMISS ADVERSARY COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) FILED BY DEFENDANTS AMY L. GOLDMAN, CHAPTER 7 TRUSTEE, & ANNIE VERDRIES, ESQ.; MEMORANDUM OF POINTS & AUTHORITIES)

**SERVICE LIST**

**VIA U.S. MAIL**:

**DEBTOR/PLAINTIFF:**
Hope H. Landeros
12530 Herrick Avenue
Sylmar, CA 91342-4706

**DEFENDANTS:**
Sylvia Villapando and
Frank Villapando
14681 Cobalt Street
Sylmar, CA 91342

**HSBC BANK USA, a NATIONAL ASSOCIATION:**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego,, CA 92117-0933

**ATTORNEYS FOR HSBC BANK USA, a NATIONAL ASSOCIATION:**
Christopher Lee, Esq.
Dykema Gossett LLP
333 South Grand Avenue
Los Angeles, CA 90071

**THE HONORABLE Maureen Tighe:**
United States Bankruptcy Court
Central District of California
San Fernando Valley Division
21041 Burbank Boulevard, Suite 324
Woodland Hills, CA 91367

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4840-8034-5159.1                                13
MOTION TO DISMISS ADVERSARY COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) FILED BY DEFENDANTS AMY L.
GOLDMAN, CHAPTER 7 TRUSTEE, & ANNIE VERDRIES, ESQ.; MEMORANDUM OF POINTS & AUTHORITIES